IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK WARREN, #B58882, <br><br> **Plaintiff,** <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., LORI CUNNINGHAM, and LYNNE PITTMAN, <br><br> **Defendants.** | Case No. 20-cv-00784-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Frederick Warren, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action under 42 U.S.C. §1983, alleging inadequate medical treatment for a shoulder injury. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

---

[1] The Court has jurisdiction to screen Warren's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

816, 821 (7th Cir. 2009). Also, before the Court is Warren's motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2).

## THE COMPLAINT

Warren alleges that he has an injured shoulder and bicep and is experiencing extreme pain. (Doc. 1). Warren has constantly submitted request slips to Dr. Pittman and has filed several grievances regarding inadequate medical treatment for his injury and pain. Each grievance is answered with the same response — Warren is being referred to Dr. Pittman for treatment. When he did see Dr. Pittman, he was prescribed Tylenol, meloxicam, and methocarbamol. Other than being prescribed medication, nothing has been done for his injury. Twice, Dr. Pittman submitted to Wexford Health Sources, Inc. ("Wexford") a recommendation for surgery, but the recommendations were denied. Warren was referred for an orthopedic evaluation on February 21, 2020.[2] Warren is unable to sleep, cannot do everyday activities such as lift weights or play basketball, and has limited movement with his left shoulder and bicep.

## IFP MOTION

Before the Court is Warren's Motion for Leave to Proceed in forma pauperis ("IFP") (Doc. 2). Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action or appealing a civil judgment IFP,

> "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

---

[2] Warren states that "the physician has recommended orthopedic evaluation which was for 2-21-20 nothing." (Doc. 1, p. 20). It is not clear if Warren had the orthopedic evaluation but was still not approved for surgery or if the appointment did not in fact occur.

is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) confirms that Warren has had previous cases dismissed with prejudice for failing to state a claim and has accumulated at least four strikes.[3] Thus, Warren cannot proceed IFP unless he is under imminent danger of serious physical injury. *Id.*

"Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)). Finally, in determining imminent danger, a court "should not attempt to evaluate the seriousness of a plaintiff's claims[,]" which would lead to a "'complicated set of rules about what conditions are serious enough[.]'" *Taylor v. Watkins,* 623 F. 3d 483, 485 (7th Cir. 2010) (quoting *Ciarpaglini,* 352 F. 3d at 331)).

Warren is alleging an ongoing denial of adequate medical care regarding a

---

[3] *See Warren v. Cook Cty. Dep't of Corr. C.C.D.O.C.,* No. 17-cv-00865 (N.D. Ill. Apr. 26, 2017); *Warren v. C.C.D.O.C.,* No. 18-cv-02792 (N.D. Ill. June 11, 2018); *Warren v. Cook County D.O.C.,* No. 18-cv-01787 (N.D. Ill. June 11, 2018); *Warren v. C.C.D.O.C.,* No. 18-cv-01788 (N.D. Ill. Aug. 20, 2018); *Warren v. Stroger Hospital,* No. 20-cv-01496 (N.D. Ill. Jan. 4, 2021).

shoulder injury and associated pain. Therefore, his claim is sufficient at screening to invoke the "imminent danger" exception to the "three strikes" rule. However, if his claim is challenged by the defense, or appears unfounded to the Court at a later date, it must be supported by facts presented in affidavits or, if appropriate, hearings. *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017). If Warren's allegations of imminent physical harm are untrue, then he must pay the whole filing fee promptly. *Id.* Furthermore, if Warren has lied in an effort to manipulate the Court, the case may be dismissed with prejudice as a sanction even if Warren pays the full $400 filing fee. *Id.* The Court may also fine him, sanction him with a filing bar that does not include an imminent-danger exception for civil suits and refer him for prosecution for perjury. *Lindsey v. Hoem*, 799 F. App'x 410 (7th Cir. 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)).

Accordingly, Warren's IFP Motion (Doc. 2) is **GRANTED**. The initial partial filing fee and payment scheme will be set forth in a separate order.

## MERIT REVIEW

Based on the allegations in the complaint, the Court finds it convenient to designate the following claims:

**Count 1:** Eighth Amendment claim against Dr. Pittman, Cunningham, and Wexford Health Sources, Inc. for providing Warren inadequate medical treatment for his shoulder injury and associated pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that**

**is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

The Court finds that Warren's allegations are sufficient for Count 1 to proceed against Dr. Pittman. *See Greeno v. Daley*, 414 F. 3d 645, 655 (7th Cir. 2005) (persisting in a course of treatment known to be ineffective violates the Eighth Amendment); Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997) ("the existence of chronic and substantial pain" is an objectively serious medical condition in and of itself.").

However, Count 1 will be dismissed as to Cunningham and Wexford. Lori Cunningham is listed as a defendant, but Warren does not describe in the statement of claim how she was involved in the provision or denial of medical care or how she violated his constitutional rights. In fact, Cunningham is not referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, all claims against Cunningham are dismissed, and she shall be terminated as a defendant.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

As for Wexford, Warren claims that Wexford has denied him surgery, which was recommended by Dr. Pittman. (Doc. 1, p. 20). In order to be held liable for deliberate indifference, Wexford, as a corporation, must have had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill.*, Inc., 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi–Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Warren has made no such claim. Therefore, his allegations that Wexford denied him surgery are not sufficient to state a claim, and Count 1 is dismissed as to Wexford.

### MOTION FOR RECRUITMENT OF COUNSEL

Warren has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[5] Included with the motion are five letters from law firms declining to represent Warren in this case. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. Nonetheless, the Court finds that Warren can proceed *pro se*, at least for now. He has not provided any explanation for why he is unable to represent himself, his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court, and he has experience litigating in federal court. Therefore, Warren appears competent to try this matter without representation at this time. Once discovery has commenced, if Warren has significant difficulty, he may refile his motion.

### DISPOSITION

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed *in forma pauperis*

---

[5] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

(Doc. 2) is **GRANTED**. The initial partial filing fee and payment scheme will be set forth in a separate order. The Motion for Recruitment of Counsel (Doc. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that the Complaint survives screening pursuant to Section 1915A. **Count 1** shall proceed against Dr. Pittman and is **DISMISSED without prejudice** as to Cunningham and Wexford. Cunningham and Wexford are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to terminate them as defendants.

The Clerk of Court shall prepare for Dr. Pittman the following:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Warren. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Warren, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**Pursuant to Administrative Order No. 244, Defendant needs only respond to the**

**issues stated in this Merit Review Order. Defendant is ADVISED that the Court does not accept piecemeal answers.**

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

If judgment is rendered against Warren, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Warren is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   January 12, 2021

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.