IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK WARREN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-784-RJD |
| LYNNE PITTMAN, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 32) and Motion to Add to Amended Complaint Relief Requested (Doc. 34). For the reasons set forth below, the Motions are **DENIED**.

**Background**

Plaintiff Frederick Warren is an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff filed his initial complaint on August 13, 2020 pursuant to 42 U.S.C. § 1983 alleging he was provided inadequate medical treatment for a shoulder injury while he was incarcerated at Lawrence Correctional Center. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on an Eighth Amendment deliberate indifference claim against Dr. Pittman for providing inadequate medical treatment for Plaintiff's shoulder injury. Cunningham and Wexford were dismissed in the Court's screening order due to Plaintiff's failure to state a claim.

In the Motion for Leave to File an Amended Complaint (Doc. 32), Plaintiff requests permission to add four additional defendants: Dr. Benjamin Bruce, Wexford Health Sources, Inc.,

Dr. Lynch, and Dr. Bane. Plaintiff writes that Dr. Bruce had knowledge of arthritis in Plaintiff's shoulder, and that he conducted shoulder surgery that allegedly resulted in a clip being left in Plaintiff's arm.

Regarding Dr. Lynch, Plaintiff alleges he was referred by Wexford to Dr. Lynch for what the Court believes was a "consultation" on August 30, 2020 regarding the surgical clip issue. However, Plaintiff asserts Dr. Lynch refused to examine him or take an x-ray.

As to Dr. Bane, Plaintiff alleges he or she was the doctor to whom Wexford referred Plaintiff on October 21, 2020, that Dr. Bane interviewed him over a computer screen, and that Dr. Bane had knowledge of Plaintiff's injured shoulder and surgical clip that was mistakenly left in his left arm.

With regard to Wexford, Plaintiff indicates it was informed of the surgical clip left in his arm by Dr. Pittman, John Doe, and Dr. Lynch.

In his motion, Plaintiff also mentions Dr. Williams, but does not indicate that he seeks to add Dr. Williams as a defendant. Plaintiff asserts that he is currently seeing Dr. Williams at Lawrence and Dr. Williams interviewed Plaintiff on April 9, 2021 to discuss findings of an MRI taken on April 6, 2021. Plaintiff indicates that Dr. Williams recently recommended to Wexford that Plaintiff's left shoulder be repaired and the surgical clip be removed.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit has recognized that "the complaint merely serves to put the defendant on

notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

As a preliminary matter, the Court finds Plaintiff's proposed amended complaint is not in compliance with the Court's Local Rules. Under SDIL-LR 15.1, a proposed amendment to a pleading or amended pleading itself must be submitted with a motion to amend a pleading. As such, Local Rule 15.1 does not allow for amendment of a pleading by interlineation and the amended complaint must stand on its own without reference to any document Plaintiff may have filed earlier. In this instance, Plaintiff merely set forth the allegations against the individuals and entities he seeks to add as defendants, but failed to incorporate the allegations set forth in his original complaint. This is not sufficient to inform the Court and opposing parties of the changes Plaintiff wishes to make to his complaint. Also, Plaintiff failed to include his proposed additional defendants in the caption of his proposed amended complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Further, Plaintiff failed to provide any information as to these defendants, including

where they are employed and their employer's address.

Due to the numerous procedural deficiencies in the proposed amended complaint, the Court does not reach the issue of whether the proposed amendments would be futile or otherwise barred under Rule 15.

### Conclusion

Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 32) is **DENIED**.

If Plaintiff again seeks to amend his complaint, he is **ADVISED** to follow the Court's directive and ensure the proposed amended complaint stands on its own.  The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the "Civil Complaint for Civil Rights Violation or Other Civil Claims by a Person in Custody."  In light of the denial of Plaintiff's Motion to Amend, his Motion to Add to Amended Complaint Relief Requested (Doc. 34) is also **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 25, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**