IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FREDERICK WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-784-RJD |
| | ) | |
| DR. LYNNE PITTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff Frederick Warren's Motion for Leave to File First Amended Complaint (Doc. 57). Defendant did not respond to the motion. For the reasons set forth below, the Motion is **GRANTED**.

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. Plaintiff alleges he received inadequate medical treatment for a shoulder injury. More specifically, Plaintiff asserts he suffered an injured shoulder and bicep and, when he was referred to Dr. Pittman for treatment, he was only prescribed medication, but nothing has been done for his injury. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A, and he proceeds on a claim of deliberate indifference against Dr. Lynne Pittman.

Plaintiff, through counsel, seeks leave to amend his complaint to include an additional claim of deliberate indifference against Dr. Robert P. Lynch. Plaintiff asserts he discovered his

additional claims upon review of his recently produced complete medical history.

In his proposed amended complaint, Plaintiff alleges a metallic surgical clip was never removed from his shoulder after undergoing a surgery in May 2017. Consistent with the allegations in his original complaint, Plaintiff alleges he saw Dr. Pittman, a physician contracted by Wexford Health Sources, Inc. to provide medical care for inmates at Lawrence CC, on numerous occasions to address pain associated with the clip. Plaintiff alleges Dr. Pittman failed to adequately address his complaints regarding shoulder pain, providing only medication rather than surgery. Dr. Lynch is a general surgeon who, upon information and belief, practices at Lawrence County Memorial Hospital. Plaintiff alleges Dr. Lynch contracts with Lawrence CC to provide medical care for inmates. Plaintiff further alleges he saw Dr. Lynch to explore surgical options, but Dr. Lynch failed to provide any medical treatment.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or

futility.  *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court finds Plaintiff's proposed amendment is not unduly delayed or brought with dilatory motive.   However, the Court must consider whether any proposed amendments are futile. The Court conducts this inquiry specifically with regard to the claim of deliberate indifference against Dr. Lynch.   It is well settled that 42 U.S.C. § 1983 applies only to persons who act "under color of any statute, ordinance, regulation, custom, or usage."   Section 1983 encompasses government employees and, under certain circumstances, non-governmental employees who are employed by a private entity that provides services to the government.  *Rodriguez v. Plymouth Ambulance Services*, 577 F.3d 816, 823-27 (7th Cir. 2009).   With regard to privately-employed physicians, determining whether they are state actors under Section 1983 requires "a functional inquiry that focuses on the relationship between the state, the medical provider, and the inmate." *Id.* at 826-27.

In *Rodriguez*, the Seventh Circuit determined it could not tell "on the face of the complaint alone" whether the defendant ambulance servicer's emergency medical technicians were state actors under Section 1983.   *Id.* at 830.   The Seventh Circuit reversed the district court, which had dismissed the complaint on initial screening, finding that the relationship between these defendants and the state required "limited discovery."   *Id.*

Here, there is no allegation that Dr. Lynch is a state employee or an employee of Wexford Health Sources, Inc., whose employees "undoubtedly" act under color of state law.  *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014).   Plaintiff alleges only that Dr. Lynch practices at Lawrence County Memorial Hospital and contracts with Lawrence Correctional Center to provide medical care for inmates.   It is not clear how many times Dr. Lynch examined Plaintiff or provided care to Lawrence Correctional Center inmates.   As such, the Court must

conduct a "functional inquiry that focuses on the relationship between the state, the medical provider, and the inmate." *Manzanales v. Krishna*, 113 F.Supp.3d 972, 980 (N.D. Ill. 2015) (citing *Rodriguez*, 577 F.3d at 827-27).

This functional inquiry cannot be completed at this stage in the proceedings. Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 57) is **GRANTED**. Plaintiff shall file the proposed first amended complaint as the First Amended Complaint by **September 20, 2022**.

Following the filing of the complaint, Plaintiff will be responsible for issuing a summons or otherwise effecting service on Dr. Robert Lynch.

**IT IS SO ORDERED.**

**DATED: September 15, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**