IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-784-RJD |
| | ) |
| LYNNE PITTMAN and ROBERT P. LYNCH, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**DALY, Magistrate Judge:**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. He claims that Defendants Lynch and Pittman violated his Eighth Amendment Constitutional rights at Lawrence Correctional Center ("Lawrence") by treating his shoulder pain with deliberate indifference. Plaintiff alleges that a surgical clip (used during surgery in 2017) has never been removed from his shoulder. Doc. 61, p. 2. Beginning in May 2019, Plaintiff complained of shoulder pain to Dr. Pittman on numerous occasions at Lawrence, but Dr. Pittman only offered him pain medication. *Id*., pp. 3, 7. Plaintiff saw Dr. Lynch (a surgeon) on one occasion in September 2019 and alleges that Dr. Lynch "failed to provide Plaintiff…with any medical treatment." *Id*., pp. 4-5.

This matter comes before the Court on a discovery dispute between Plaintiff and Defendant Dr. Lynch. Plaintiff was deposed on March 14, 2024. Dr. Lynch's deposition was scheduled for March 27, 2024. On March 26, 2024, Plaintiff's counsel produced certain medical records to Defendants' attorneys, and produced some records to Dr. Lynch that had previously been produced

to Dr. Pittman's counsel before Dr. Lynch became a defendant in this case. Dr. Lynch contends that he must be granted leave to depose Plaintiff again to ask about the medical records produced following Plaintiff's deposition.[1]

At the discovery dispute conference (Doc. 107), Dr. Lynch's counsel explained that Plaintiff is seeking damages for emotional distress in this case and contends that he has attempted suicide on multiple occasions related to the care (or alleged lack thereof) he received from Dr. Lynch. The medical records produced by Plaintiff's counsel after Plaintiff's deposition contain mental health records from the late 1990s and indicate that Plaintiff previously attempted suicide. Dr. Lynch's counsel further explained that she could have more effectively questioned Plaintiff about his mental health history if those records had been produced to her prior to the deposition. This argument does not sufficiently justify a second deposition of Plaintiff. Dr. Lynch's attorney had the opportunity to ask Plaintiff about his prior mental health treatment and condition(s). While the Court understands that the medical records might have allowed counsel to ask more specific questions, the Court is unconvinced that Plaintiff's mental health treatment and condition nearly 25 years ago is so pivotal that defense counsel must depose Plaintiff a second time.

Dr. Lynch also argues that some of the medical records produced after Plaintiff's deposition show that he has been involved in fights at various times while incarcerated, including in 2018 (after the shoulder surgery but before Plaintiff saw Dr. Lynch), which (defense counsel contends) supports the conclusion made by Plaintiff's treating physicians that he is not a candidate for additional shoulder surgery. While those records may support those conclusions, counsel for Dr. Lynch fails to explain why it is so imperative that Plaintiff answer questions about the records.

In sum, Dr. Lynch has not provided an adequate justification for the Court to grant him

---

[1] Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), no individual can be deposed for a second time without leave (or agreement by the parties).

leave to depose Plaintiff a second time. Dr. Lynch's request is DENIED.

**IT IS SO ORDERED.**

**DATED: April 12, 2024**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**
