IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-784-RJD |
| | ) |
| LYNNE PITTMAN and ROBERT P. LYNCH, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**DALY, Magistrate Judge:**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. He claims that Defendants Lynch and Pittman (both physicians) violated his Eighth Amendment Constitutional rights at Lawrence Correctional Center ("Lawrence") by treating his shoulder pain with deliberate indifference. This matter comes before the Court on Defendant Lynch's Motion "for Relief Pursuant to 28 U.S.C. §1915(c)(B)." Doc. 106. Plaintiff filed a Response. Doc. 110. As explained further, Defendant's Motion is DENIED.

## BACKGROUND

Plaintiff initially filed this suit pro se and in forma pauperis, naming Dr. Pittman (but not Dr. Lynch) as a defendant in his original Complaint. Doc. 1. The Court conducted a threshold review pursuant to 28 U.S.C. §1915A and found that Plaintiff sufficiently alleged a cause of action against Dr. Pittman. Doc. 12. The Court ultimately recruited counsel for Plaintiff. Doc. 43. Counsel filed a Motion for Leave to Amend the Complaint, requesting to add Dr. Lynch. Doc.

57. In the Amended Complaint, Plaintiff alleges that a surgical clip (used during surgery in 2017) has never been removed from his shoulder. Doc. 61, p.2. Beginning in May 2019, Plaintiff complained of shoulder pain to Dr. Pittman on numerous occasions at Lawrence, but Dr. Pittman only offered him pain medication. *Id*., pp. 3, 7. Plaintiff saw Dr. Lynch (a surgeon) on one occasion in September 2019 and alleges that Dr. Lynch "failed to provide Plaintiff…with any medical treatment." *Id*., pp. 4-5. Plaintiff alleged that Dr. Lynch contracted with Lawrence Correctional Center to provide care to inmates. *Id*., p.1. The Court granted Plaintiff's Motion for Leave and Plaintiff filed his Amended Complaint. *Id*.; Doc. 60.

When Dr. Lynch answered Plaintiff's Amended Complaint on January 31, 2023, he stated that he "denie[d] that he contracted with the Lawrence Correctional Center to provide medical care for inmates at any time." Doc. 77, p. 1. Fifteen months after he was served, Dr. Lynch filed the instant motion, asking the Court to dismiss Plaintiff's claim against him with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), which states that when the claimant is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that…the action…is frivolous or malicious" or "fails to state a claim upon which relief may be granted."

## DISCUSSION

When the Court ruled on whether to grant leave to file Plaintiff's Amended Complaint, the undersigned considered whether Plaintiff's claim against Dr. Lynch was futile. Doc. 60, p. 3. Section 1983 claims can only proceed against "state actors", e.g., government employees. *Hallinan v. Fraternal Order of Police of Chicago Lodge No.* 7, 570 F.3d 811, 815 (7th Cir. 2009) (internal citations and quotations omitted). In his Amended Complaint, Plaintiff alleged that Dr. Lynch contracted with Lawrence Correctional Center to provide medical care to inmates. The issue of whether privately-employed physicians who provide medical care to inmates are "state

actors" requires a "functional inquiry that focuses on the relationship between the state, the medical provider, and the inmate."  *Rodriguez v. Plymouth Ambulance Svcs.*, 577 F.3d 816, 823-27 (7th Cir. 2009).

Dr. Lynch directs the Court to his Answer (Doc. 77) and his responses to Plaintiff's Interrogatories.   He clarifies that he never provided medical care to inmates pursuant to a contract with Lawrence Correctional Center.   Doc. 106, p. 7.   From these materials, it seems unlikely that Dr. Lynch was a "state actor" when he provided care to Plaintiff.

The problem with Dr. Lynch's argument, however, is the strategy he chose to present this issue to the Court.   By asking for relief pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), Dr. Lynch is asking this Court to find that Plaintiff's claim against him is either "frivolous or malicious" or contains allegations for which no relief can be granted.   Nothing before the Court suggests either finding is appropriate.   For example, Dr. Lynch relies heavily on Plaintiff's deposition testimony to support his contention that Plaintiff's claim against him is frivolous or malicious. Plaintiff testified that he has never seen Dr. Lynch's contract with Lawrence Correctional Center. However, the Court would not have expected Plaintiff to have reviewed any contract between defendants and their employers; simply because Plaintiff had not seen the contract would not necessarily mean it did not exist.   Dr. Lynch further points to Plaintiff's testimony that he did not have any reason to think Dr. Lynch was employed by Lawrence Correctional Center or the Illinois Department of Corrections.   The Court is not surprised by this testimony and presumes that if Plaintiff had reason to think Dr. Lynch was employed by IDOC, Plaintiff would have made that allegation in his Amended Complaint.

Regarding Dr. Lynch's argument that Plaintiff's claim against him should be dismissed because it "fails to state a claim on which relief may be granted", the undersigned already

considered whether Plaintiff's allegations in the Amended Complaint state a claim upon which relief could be granted. Doc. 60. Plaintiff alleged that Dr. Lynch was a state actor, and his allegation that Dr. Lynch contracted with Lawrence Correctional Center provided "fair notice of what the…claim is and the grounds upon which its rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and quotations omitted). With this clear understanding of the basis for Plaintiff's claim against him, Dr. Lynch could very easily-and at any time-have moved for summary judgment with a simple affidavit, establishing that he had no contract with Lawrence Correctional Center. The Court questions why he waited 15 months to file the instant motion, and why he did not file a Motion for Summary Judgment. In any event, the record does not reflect that Plaintiff's allegations against Dr. Lynch in the Amended Complaint are frivolous or that the claim fails to meet the required notice pleading standard, and therefore Dr. Lynch's motion is DENIED.

**IT IS SO ORDERED.**

**DATED: May 30, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**